**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **MICHAEL A. CAMPBELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. CIV-06-208-R** |
| | ) | |
| **SHERIFF JOHN WHETSEL, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

Plaintiff filed this action alleging violation of his civil rights. Pursuant to 28 U.S.C. § 636(b)(1)( B), the matter was referred to United States Magistrate Judge Robert E. Bacharach for preliminary review. On June 24, 2009, Judge Bacharach issued a Report and Recommendation wherein he recommended that Plaintiff's complaint be dismissed, because he had made misstatements on his application for leave to proceed *in forma pauperis*. The mater is currently before the Court on the Plaintiff's objection to the Report and Recommendation.

Defendants moved for dismissal of Plaintiff's claims, asserting that his allegations of poverty in his Motion for Leave to Proceed In Forma Pauperis and Supporting Affidavit were untrue, because Plaintiff had $1400.00 in his mandatory savings account when his filed his motion and affidavit. Accordingly, Defendants argue, 28 U.S.C. § 1915(e)(2)(A) mandates dismissal.[1] Judge Bacharach concurred with Defendants' argument, noting that although

---

[1] 28 U.S.C. § 1915(e)(2)(A) provides, that, "the court shall dismiss the case at any time if the court determines that . . . the allegations of poverty are untrue.

Plaintiff did not commit perjury by asserting that he lacked funds to pay for the filing fee[2], that indeed he had money available in his mandatory savings account that could be used for this purpose. As a result, Judge Bacharach recommended the case be dismissed without prejudice.

In his objection Plaintiff asserts that at the time of his application he did not have any prison funds available to him, the $1400.00 became available afterwards. "My entire complaint is about my $1400.00. How can I lie about something I'm filing a suit about. The money was no secret. The whereabouts of the money was a mystery, it was not in 'none' of my accounts at the initial filing of this complaint." Objection, p. 2-3. Thereafter the money was placed into his savings account, and he seeks to transfer the funds to his draw account. Plaintiff asserts that an order directing payment from his savings account of the entire filing fee would be the appropriate remedy to resolve a situation caused by the acts of either Department of Corrections' employee or the Oklahoma County Detention Center.

Although Plaintiff's suggestion that he be ordered to pay the filing fee and that this case be permitted to proceed has appeal, the Court's ability to follow his course of action is limited by the mandatory nature of § 1915(e)(2)(A). *See Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 547 (7th Cir.1998) (stating the amended language "mandated that a district court 'shall dismiss the case' if, among other things, 'the allegation of poverty is untrue' ").

---

[2] There was a certification from the inmate trust account coordinator of the Oklahoma County Detention Center that Plaintiff had no money in his account. Apparently the $1400.00 was not noted in their records. Nevertheless, the money was available to Plaintiff by statute to pay for the filing fee.

Accordingly, if the Court finds the allegation of poverty was untrue, the action must be dismissed, although dismissal without prejudice would be appropriate.

As noted by Judge Bacharach, Plaintiff was seeking his $1400.00, which at the time he filed the complaint he knew he had the right to this money, but apparently he did not know who the custodian was. Despite this allegation, the Court notes that when asked to list his assets, Plaintiff stated he had none. He did not describe the money that he asserted was an asset. As such, the Court concludes that Plaintiff's allegations of poverty were untrue, despite the statement from the trust officer at the Oklahoma County Detention Center. As a result, dismissal is warranted by 28 U.S.C. § 1915(e)(2)(A), and as noted by Judge Bacharach, the dismissal should be without prejudice.

For the reasons set forth herein, the Report and Recommendation is adopted in its entirety, and this action is hereby dismissed without prejudice.

IT IS SO ORDERED this 29th day of July 2009.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE